IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| **KIMBERLY LUNA,** | § § § § | |
| Plaintiff, | § § | |
| v. | § § | **CIVIL ACTION NO.:** |
| **CROSSFIRE GYMNASITCS & CHEER, LLC.,** | § § § | _____ |
| Defendant. | § § § § § | **JURY DEMAND** |

# COMPLAINT

## I. INTRODUCTION

1. This is an action addressing retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., and seeks to remedy Defendant's unlawful retaliation against Plaintiff Kimberly Luna for opposing and reporting sexual harassment in the workplace.

## II. JURISDICTION AND VENUE

2. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343, as this action arises under federal law.

3. Venue is proper in this District under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claims occurred in this

District. Defendant operates in this District.

### III. PARTIES

4. Plaintiff Kimberly Luna (hereafter "Luna" or "Plaintiff") is an adult resident of Alabama and was at all relevant times an employee of Defendant.

5. Defendant Crossfire Gymnastics & Cheer, LLC (hereafter "Crossfire" or "Defendant") is an Alabama limited liability company located in Dothan, Alabama, employing more than fifteen (15) employees.

### IV. STATEMENT OF FACTS

6. Crossfire hired Plaintiff Luna in or around February or March 2015 as Office Manager and continued in that role after ownership transferred to Kelley and Kyle Pynes in 2019.

7. In May 2022, Plaintiff Luna's daughter, Rose Luna, who was also employed by Defendant at the time, reported to Plaintiff Luna that Alicia Wriston, another employee and the sister of Kelley Pynes, had sexually harassed her by asking to touch her breast and making further unwanted physical contact.

8. Plaintiff Luna promptly reported the sexual harassment complaint to Defendant's owner Kelley Pynes.

9. Around the same time, Rose Luna directly reported to Kelley Pynes that Alicia Wriston had sexually harassed her and inappropriately touched other employees, including Abianne Baker and Grace Porter.

10. Crossfire failed to take prompt and appropriate corrective action, despite repeated complaints by Rose Luna and corroboration by other employees.

11. Kelly Pynes only expressed disbelief in the allegations and indicated she would speak with Grace Porter to confirm the events.

12. The sexual harassment continued, including an instance where Alicia Wriston made further unwelcome sexual contact when she ran her hand along Rose Luna's buttocks and breast.

13. The above-referenced incident was witnessed by employees including Gym Manager Joanna Hamm, Abianne Baker, Grace Porter, and Adriana Phillips.

14. Plaintiff Luna continued to oppose and report the harassment to Kelley and Kyle Pynes, who repeatedly failed to address the misconduct.

15. On or about June 1, 2022, Gym Manager Joanna Hamm also informed Kelley Pynes of the allegations and emphasized the requirement under the USA Gymnastics Safe Sport Policy to report any misconduct involving sexual conduct. Rather than act promptly, Kelley Pynes again minimized the complaints.

16. When Kelley Pynes failed to respond, Joanna Hamm resigned her position, citing Defendant's unprofessional handling of repeated reports of sexual harassment and its failure to comply with mandatory reporting obligations. Ms. Hamm directly informed Plaintiff that she was resigning because of the mishandling of the harassment complaints.

17. After Hamm's resignation, Plaintiff again spoke with Kyle Pynes, reiterating the need to investigate and address Alicia Wriston's misconduct. Kyle Pynes responded with hostility, instructed Plaintiff to "stay out of it," and claimed he would handle the matter himself.

18. On or about June 6, 2022, Crossfire's owners held a staff meeting that notably did not meaningfully address the reports of sexual harassment. Instead, management instructed staff to stop spreading "drama" and discouraged further discussion of the complaints.

19. Plaintiff Luna continued to advocate that Defendant take appropriate remedial action to stop the harassment. Instead of investigating thoroughly or disciplining the harasser, Kelley and Kyle Pynes attempted to force Rose Luna to continue teaching alongside Alicia Wriston.

20. On June 23, 2022, Kelley Pynes asked Plaintiff Luna whether there was still a "beef" between Rose Luna and Alicia Wriston. Plaintiff Luna again reminded Kelley Pynes that Rose Luna's discomfort was based on prior incidents of sexual harassment that had not been addressed, to which Kelley Pynes responded by minimizing the seriousness of the misconduct.

21. On or about June 27, 2022, after Plaintiff Luna again raised concerns about the failure to address the harassment, Crossfire terminated her employment without prior discipline or documented performance issues.

22. Later that evening, Kyle Pynes arrived at Plaintiff Luna's home to collect her company property. During this encounter, he stated he was "tired of this shit" and blamed Plaintiff for "drama" that he admitted stemmed from the allegations against Alicia Wriston.

23. Luna's termination was directly motivated by her opposition to and reporting of unlawful sexual harassment, as evidenced by the timing of her termination, the context of her reports, and statements by Crossfire's agents that the "drama" all led back to Rose Luna and Plaintiff.

24. Defendant later offered to reinstate Luna on materially different and unfavorable terms it knew she could not accept.

V. **CAUSES OF ACTION**

### COUNT I —TITLE VII OF THE CIVIL RIGHTS ACT OF 1964 (RETALIATION)

25. Luna realleges and incorporates by reference paragraphs 1–24 above as if fully set forth herein.

26. Luna engaged in protected activity under Title VII by opposing and reporting sexual harassment in the workplace.

27. Crossfire terminated Luna's employment in retaliation for her protected activity.

28. The temporal proximity between Luna's protected activity and her termination gives rise to a strong inference of retaliation.

29. Crossfire's actions violated Title VII's prohibition against retaliation.

30. As a result, Luna suffered and continues to suffer damages, including but not limited to lost wages, emotional distress, mental anguish, and inconvenience, among other damages.

## VI. PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that this Court enter judgment in her favor and grant the following relief:

A. Issue a declaratory judgment that Defendant's conduct described herein violated Title VII of the Civil Rights Act of 1964 and constituted unlawful retaliation;

B. Order Defendant to reinstate Plaintiff to her former position, or in the alternative, award front pay in lieu of reinstatement;

C. Award Plaintiff back pay, lost wages, lost benefits, and all other compensation she would have received but for Defendant's unlawful conduct;

D. Award Plaintiff compensatory damages for emotional distress, mental anguish, humiliation, and loss of reputation;

E. Award Plaintiff punitive damages in an amount sufficient to punish Defendant and deter similar conduct in the future;

F. Award Plaintiff reasonable attorneys' fees, costs, and expenses;

G. Grant pre- and post-judgment interest as allowed by law; and

H. Award any other and further relief as this Court deems just.

Dated: June 30, 2025.

/s/ Eric C. Sheffer
Eric C. Sheffer
**Counsel for Plaintiff**

**OF COUNSEL:**
**WIGGINS, CHILDS, PANTAZIS,**
**FISHER & GOLDFARB, LLC**
The Kress Building
301 19th Street North
Birmingham, Alabama 35203
Telephone: (205) 314-0500
Facsimile:  (205) 254-1500
E-mail: esheffer@wigginschilds.com

**PLAINTIFF DEMANDS A TRIAL BY STRUCK JURY**

/s/ Eric C. Sheffer
**OF COUNSEL**